UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHENIKA PARCHMAN,
INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE
OF THE ESTATE OF BABY
BOY PARCHMAN,

  Plaintiff,          Civil No. 12-CV-13094
               HONORABLE DENISE PAGE HOOD
v.              UNITED STATES DISTRICT JUDGE

CITY OF TAYLOR POLICE
OFFICER MICHAEL TAYLOR, and
CITY OF TAYLOR, a Municipal Corporation,

  Defendants.
_____/

**ORDER DENYING, IN PART, DEEMING MOOT, IN PART, AND GRANTING, IN PART, DEFENDANTS' THIRD MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE PLAINTIFF'S WITNESSES FOR PLAINTIFF'S REPEATED FAILURE TO COOPERATE IN DISCOVERY AND BECAUSE PLAINTIFF HAS DELIBERATELY PRECLUDED DISCOVERY [#22]**

This matter comes before the Court on Defendants' Third Motion to Dismiss Plaintiff's Complaint or Strike Plaintiff's Witnesses for Plaintiff's Repeated Failure to Cooperate in Discovery and Because Plaintiff has Deliberately Precluded Discovery. **[Docket No. 22, filed May 6, 2013]** Plaintiff did not file a response until June 21, 2013, well after the time designated to file a response. **[Docket No. 28]**

1

Defendants filed a reply to Plaintiff's response. **[Docket No. 29, filed June 26, 2013]**

For the reasons discussed below, Defendants' Motion is **DENIED** as to Defendants' request that this Court enter an order dismissing Plaintiff's complaint for her failure to cooperate in discovery. Defendants' Motion is **DEEMED MOOT** as to Defendants' request that this Court enter an order striking witness Shemika Parchman's deposition testimony as Defendants' Motion for Summary Judgment **[Docket No. 32]** references testimony from this witness evidencing this witnesses's appearance at deposition. Defendants' Motion is **DEEMED MOOT** as to Defendants' request that this Court enter an order striking Sherika Parchman, Dominique Parchman, and Tianna Arrington's deposition testimony, if these witnesses have already been deposed. If these witnesses have not appeared pursuant to subpoena, Defendants' Motion in this regard is **GRANTED** and they may not be called as Plaintiff's witnesses at trial.

## I. BACKGROUND

Plaintiff filed this action in this Court on July 13, 2012, alleging a constitutional deprivation pursuant to 42 U.S.C. § 1983 against Officer Michael Taylor and the City of Taylor, and gross negligence, willful and wanton misconduct, assault, battery, and intentional infliction of emotional distress against all Defendants. Defendants filed their first motion to dismiss on November 5, 2012, alleging that Plaintiff failed to

2

respond to interrogatories or produce documents. **[Docket No. 12]** Defendants withdrew the motion on January 17, 2013 after Plaintiff appeared for a deposition.[1]

Defendants have attempted to take the depositions of four witnesses since November 2012: (1) Shemika Parchman - Plaintiff's sister; (2) Sherika Parchman - Plaintiff's sister; (3) Dominique Parchman - Plaintiff's cousin; and (4) Tianna Arrington - Plaintiff's friend. The initial date for the depositions of all four witnesses was November 14, 2012. The witnesses did not appear on that date and the depositions were rescheduled to February 25, 2013. The witnesses again did not appear. Defendants were forced to hire an investigator to find and serve the witnesses with subpoenas to assure their appearance due to their failure to appear for the first two scheduled depositions.

Dominique and Shemika Parchman were both served with subpoenas to appear for deposition on April 4, 2013. Sherika Parchman and Tianna Arrington were not served because they refused to accept service. One of these witnesses appeared some

---

[1] Defendants' motion to dismiss stated that on August 13, 2012, Defendants provided notice for Plaintiff's deposition that was scheduled for October 2, 2012. Defendants noted that the Friday before the deposition, they called and confirmed that it would take place on October 2,2012. Plaintiff did not show up or provide a reason for her absence. She was re-noticed on October 5, 2012, for an October 22, 2012, deposition. Plaintiff did not appear or explain her absence. Defendants contended that as a result of Plaintiff's absences, Defendants were assessed court fees for the depositions. A second motion to dismiss for discovery violations was filed on March 20, 2013, and was subsequently resolved on April 17, 2013.

time after the scheduled deposition and after defense counsel, Plaintiff's counsel, the court reporter, and the Defendant Officer had left, claiming that she could not find the police department. Another witness appeared 7 hours after her scheduled time. The depositions were again rescheduled for April 18, 2013.

According to Defendants, counsel for Plaintiff called the day prior indicating that Dominique Parchman could not appear for deposition on April 18, and that the date would need to be rescheduled for her and the other witnesses. Defendants contend that based on this phone call, they did not appear at Taylor Police Department on April 18. They were later informed by the Department that Dominique Parchman did appear. The depositions were rescheduled for April 30, 2013, a "mutually agreeable date with Plaintiff s counsel," and the parties were again given notice. The witnesses again failed to appear.

## II.  ANALYSIS

Relying on Federal Rule of Civil Procedure 37, Defendants ask the Court to dismiss this action due to Plaintiff's repeated failure to submit to a deposition or provide discovery or, in the alternative, striking Plaintiff's four witnesses. Defendants further request an award of $3,500.00 in attorney and other fees pursuant to Rule 37(a)(5).[2] Defendants argue that three of the witnesses are under Plaintiff's control

---

[2] If a motion to compel disclosure is granted or disclosure is provided after a motion to compel disclosure is filed, Federal Rule of Civil Procedure 37(a)(5)(A) authorizes

because they are relatives. In a response filed beyond the time allotted pursuant to Local Rule 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."), Plaintiff argues that she is not required to secure the appearance of non-party witnesses. Defendants do not respond or provide authority to the contrary, but instead note that they have made several attempts to depose Plaintiff and receive various discovery documents, but have been unable to do so. Defendants further contend that Plaintiff's conduct delayed the case and resulted in unnecessary costs to Defendants. Plaintiff admitted that she did not appear for previous depositions because she could not find transportation and that she indicated she was on her way to a deposition with two of the witnesses but failed to appear.

---

a district court to

> require the party whose conduct necessitated the motion, and/or the attorney advising that conduct, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant did not attempt in good faith to obtain disclosure before filing the motion, the opposing party's failure to disclose was substantially justified, or other circumstances make an award of expenses unjust.

*Acker v. Workhorse Sales Corp.*, 06-CV-14467, 2008 WL 1902034, *3 (E.D. Mich. Apr. 28, 2008). The Court has the discretion to determine "[w]hether and to what extent discovery sanctions are warranted." *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366 (6th Cir. 1997).

5

Rule 37(a)(1) allows a party to "move for an order compelling disclosure or discovery." The party must certify that he or she attempted to confer with the party failing to provide discovery. *Id.* The choice of what sanction to impose for failure to comply with discovery is vested in the court's discretion and though the rule may allow dismissal, courts deem dismissal to be a "drastic sanction," one that should no be imposed without evidence of willfulness or bad faith, prejudice to the adversary, notice of the potential sanction to the violating party, and a lack of potentially less drastic sanctions that may be imposed or ordered. *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005). The Court is not persuaded that dismissal of the Complaint is an appropriate sanction. Defendants' Motion, as it relates to dismissal of the Complaint, is **DENIED.**

The Court appreciates that as of the filing of this Motion, there remained four outstanding depositions. These depositions were of non-party witnesses Shemika Parchman, Sherika Parchman, Dominique Parchman, and Tianna Arrington. Although these witnesses are relatives or friends of Plaintiff, the Court is not persuaded that this necessitates the conclusion that she is control of them. However, importantly, the discovery cut-off date in this case, September 30, 2013, has passed. The Court notes

that in Defendants' Motion for Summary Judgment filed following this Motion **[Docket No. 32, filed November 13, 2103]**, Defendants referenced deposition testimony from Plaintiff's sister, Shemika Parchman.  Because this witness has already given her deposition testimony and, albeit not initially, has complied with the discovery obligations that are the subject of this motion, Defendants' Motion as it relates to striking the testimony of Shemika Parchman is **DEEMED MOOT**.

As to the remaining Plaintiff witnesses, Sherika Parchman, Dominique Parchman, and Tianna Arrington, though the Court will not impose the "drastic sanction" of dismissal of Plaintiff's Complaint, the Court holds that these witnesses may not testify at trial if they have not already complied with the discovery requests and appeared for their scheduled depositions.  These witnesses were given notice of their scheduled depositions on at least two occasions and subpoenaed to appear.  If they have not yet appeared to be deposed, Defendants' Motion as it relates to their request that this Court strike their testimony is **GRANTED**.  If these witnesses have appeared for deposition, Defendants' Motion as it relates to these witnesses is **DEEMED MOOT**.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Third Motion to Dismiss Plaintiff's Complaint or Strike Plaintiff's Witnesses for Plaintiff's Repeated Failure to Cooperate in Discovery and Because Plaintiff has Deliberately Precluded Discovery **[Docket No. 22, filed May 6, 2013]** is **DENIED** as it pertains to Defendant's request that this Court enter an order dismissing Plaintiff s complaint for her failure to cooperate in discovery.

**IT IS FURTHER ORDERED** that Defendants' Motion is **DEEMED MOOT** as to Defendants' request that this Court enter an order striking witness Shemika Parchman's deposition testimony.

**IT IS FURTHER ORDERED** that Defendants' Motion is **DEEMED MOOT** as to Defendants' request that this Court enter an order striking Sherika Parchman, Dominique Parchman, and Tianna Arrington's deposition testimony, if these witnesses have appeared for scheduled depositions.  If these witnesses have not appeared pursuant to subpoena, they not be called as Plaintiff's witnesses at trial and Defendants' Motion is this regard is **GRANTED**.

**IT IS SO ORDERED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager