UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHENIKA PARCHMAN, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF BABY BOY PARCHMAN,

    Plaintiff,                                  Civil No. 12-CV-13094
                                            Honorable Denise Page Hood

v.

CITY OF TAYLOR POLICE OFFICER
MICHAEL TAYLOR, and CITY OF TAYLOR,
a Municipal Corporation,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now before the Court is Defendants' Motion for Summary Judgment **[Docket No. 32, filed November 13, 2013]**. Plaintiff filed a response on December 18, 2013, **[Docket No. 35]** to which Defendants filed a reply **[Docket No. 36, filed January 3, 2014]**. Plaintiff filed this action in this Court on July 13, 2012, alleging a constitutional deprivation pursuant to 42 U.S.C. § 1983 against Officer Michael Taylor and the City of Taylor, as well as gross negligence, willful and wanton misconduct, assault, battery, and intentional infliction of emotional distress against all Defendants.

I.  BACKGROUND

Plaintiff's Complaint states that on May 19, 2011, upon leaving a Meijer store in the City of Taylor, she was arrested by Defendant and accused of committing retail theft.  Plaintiff states that she was nine (9) months pregnant at the time of arrest.  As Defendant, Officer Taylor, attempted to take her into custody in the parking lot of the store, Plaintiff alleges that he "violently struck and battered her."  She further contends that Defendant was "violent, belligerent, unreasonable, criminal and malicious" in his dealings with her and that she was "not resisting in any fashion."  After her arrest, Plaintiff was taken to the City of Taylor Police Department where she claims that she was not given any form of medical attention for her injuries, though she was visibly in distress and visibly pregnant.  Following her release from the City of Taylor Police Department jail, Plaintiff states that she was admitted to Garden City Hospital because she was suffering from internal bleeding and pregnancy complications.  On May 27, 2011, Plaintiff gave birth to a baby boy who was stillborn.  Plaintiff alleges that the Medical Examiner report determined that Baby Boy Parchman died as a result of trauma.

In her Complaint, Plaintiff alleges three-counts for relief: Constitutional Deprivation pursuant to 42 U.S.C. §1983 **(Count I)**; Violation of 42 USC § 1983 Against the Municipality, City of Taylor **(Count II)**; and Gross Negligence,

Willful and Wanton Misconduct, Assault, Battery, and Intentional Infliction of Emotional Distress against both Defendants **(Count III)**. Plaintiff also brings claims against Defendants on behalf of her decedent son, Baby Boy Parchment and argues that "as a direct and proximate cause of the acts of Defendants, Plaintiff suffered severe injuries, which resulted in Plaintiff's Decedent's death." Plaintiff seeks judgment in her favor in whatever amount she is found to be entitled. Plaintiff also seeks exemplary and punitive damages, plus interest, costs and attorney fees.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating that summary judgment is appropriate. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). The Court must consider the admissible evidence in the light most favorable to the nonmoving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

**III. ANALYSIS**

In their Motion for Summary Judgment, Defendants make various arguments. First, Defendants argue that there is no genuine issue of material fact precluding summary judgment on Plaintiff's claims of violation of 42 U.S.C.

4

§1983 against Officer Taylor because "the record conclusively establishes that Cpl. Taylor was not the officer who placed handcuffs on Plaintiff or had any physical contact with her." Cpl. Taylor only spoke to the Loss Prevention Associate and directed other officers to handcuff Plaintiff and the three other women with her. Defendants contend that even when accepting Plaintiff's version as true for purposes of the motion, there is "no genuine issue of material fact regarding the use of force by any officer at the scene." Whether or not an officer used excessive force during an arrest is subject to the reasonable standard. Plaintiff was told to put her hands on the car so she could be handcuffed, but held onto her cell phone. The arresting officer pushed her against the car and handcuffed her. The Court agrees that this was a reasonable use of force under the circumstances.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-2255, 101 L. Ed. 2d 40 (1988) (internal citations omitted). As § 1983 is not itself a source of substantive rights, and only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim.

*Graham v. Connor,* 490 U.S. 386, 393-394 (1989); *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979).

The Fourth Amendment's prohibition against unreasonable searches and seizures encompasses the right to be free from excessive force in the course of an arrest. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Court's "inquiry turns on the objective reasonableness of the officer's conduct in view of the facts and circumstances facing the officer [,]" without inquiry into the officer's motivations and intent. *Lyons v. City of Xenia,* 417 F.3d 565, 575 (6th Cir.2003). The reasonableness inquiry is an objective one, evaluated from a reasonable officer's perspective on the scene, and not the 20/20 vision of hindsight. *Graham*, 490 U.S. at 396. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge chambers violates the Fourth Amendment." *Id.* (Internal citation omitted). "Whether an officer's use of force was reasonable turns on the facts of the case. Relevant to the inquiry are (1) the severity of the crime at issue, (2) the immediate threat the suspect poses to the safety of the officers and others, (3) the suspect's resistance, if any, and (4) the possibility of flight. *Id*. at 396.

In her Complaint, Plaintiff asserts that Cpl. Taylor violated her constitutionally protected right to be secure against unreasonable searches and

6

seizures under the U.S. Constitution. Plaintiff, however, does not provide sufficient support for the claim that the deprivation was committed by Cpl. Taylor. The description Plaintiff provided of the arresting officer does not match the description of Cpl. Taylor. Plaintiff also relies on the fact that Cpl. Taylor wrote the incident report. During her deposition, Plaintiff agrees that Cpl. Taylor doesn't look like the officer she described as arresting her. (Dkt. 32, Defs.' Mot. for Summ. J., Ex. G, Excerpts of Pl.'s Dep., p.215). There is no genuine issue of material fact regarding the lack of participation by Cpl. Taylor in arresting Plaintiff.

Second, Defendants contend that Cpl. Taylor, individually, is entitled to qualified immunity on Plaintiff's 42 USC § 1983 claim. Under certain circumstances, public officials are shielded from liability under the doctrine of qualified immunity, which insulates "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity is generally a threshold defense whose applicability is to be determined by the trial judge. *Garvie v. Jackson*, 845 F.2d 647, 649 (6th Cir.1988). The Supreme Court has set

7

forth a two-part test to determine whether qualified immunity should attach. First, the court must decide whether, in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155, 150 L. Ed. 2d 272 (2001). If there is no such violation, the inquiry ends here. *Id*.

If a violation can be adequately stated, the court next asks whether the right was clearly established. *Id*. Providing guidance in determining whether a right was clearly established, the Court stated, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable offic [ial] that his conduct was unlawful in the situation he confronted." *Id*. *Saucier* also provides that an official's reasonable mistake is still cloaked with immunity. *Id.*; *See also, Pearson*, 129 S.Ct. at 823 ("The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."). Plaintiff must show that the officers violated a right so clearly established that any official in Defendants' position would have understood that they were under an affirmative duty to refrain from such conduct. *Poe v. Haydon*, 853 F.2d 418, 426 (6th Cir.1988), cert. denied, 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989). In other words, Plaintiff must demonstrate that Defendant's conduct was objectively unreasonable in light

8

of Plaintiff's clearly established rights. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999).

As discussed above, Plaintiff failed to provide sufficient evidence to support the allegation that Cpl. Taylor was directly involved in her physical arrest, and therefore, Plaintiff failed to provide facts to support the allegation that Cpl. Taylor violated her constitutional right. Since there is no evidence that Cpl. Taylor's conduct violated a constitutional right, he is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223 (2009).

Third, Defendants assert that because there was no constitutional violation, and since there is "no practice, policy or procedure, which caused a constitutional violation," the City of Taylor and Cpl. Taylor, in his official capacity, are entitled to summary judgment on Plaintiff's municipal claim as a matter of law. This evidence is necessary for the claim since "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (internal quotation marks omitted). Even if Plaintiff could prove that there was an unconstitutional act, proof of a single incident is insufficient to impose §1983 liability against Wayne County (*See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L. Ed. 2d 791 (1985)). As for Cpl. Taylor, Plaintiff

has failed to provide sufficient evidence of his involvement in a constitutional violation that would permit setting aside qualified immunity.

Fourth, Defendants state that they are entitled to Summary Judgment on Plaintiff's state claims, because Defendants are entitled to governmental immunity. A governmental agency is granted broad immunity under MCL § 691.1407(1). See *Ross v. Consumers Power Co.,* 420 Mich. 567 (1984). MCL §691.1407 provides statutory governmental immunity to: (1) governmental agencies and officers and employees of governmental agencies (2) engaged in a governmental function (3) if the officers and employees' conduct do not amount to gross negligence (4) that is the proximate cause of the injury or damages. MCL §691.1407(1) and (2); §691.1401(f); *See Ross,* 420 Mich. 567; *Rogers v. City of Port Huron*, 833 F.Supp. 1212, 1223 (1993). "Gross negligence" means "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Rogers,* 833 F.Supp. at 1223. In order to prevail, a plaintiff cannot assert that defendant's conduct was "a" proximate cause of the plaintiff's injury, but rather, must establish that defendant's conduct was "the" proximate cause of the injury. *Id.* at 1224.

The Court notes that, as a general rule pursuant to Michigan law, intentional torts are not protected by governmental immunity. However, governmental actions which would normally constitute intentional torts are protected by governmental

immunity if those actions are justified. *See Brewer v. Perrin*, 132 Mich. App. 520, 528, 349 N.W.2d 198 (1984). Specifically, a police officer may use reasonable force when making an arrest. *Id.*

Cpl. Taylor is entitled to governmental immunity, because Plaintiff is unable to show that Defendant's actions amounted to gross negligence. Cpl. Taylor spoke to the Loss Prevention Associate and directed other officers to handcuff Plaintiff and the three other women with. These actions do not amount to gross negligence. The City of Taylor is also entitled to governmental immunity under MCL 691.1407 and Plaintiff's claims do not fall within the exceptions to immunity.

Fifth, Defendants argue that Plaintiff's remaining state law claims for gross negligence, willful and wanton misconduct, assault, battery, and intentional infliction of emotional distress fail. There is no genuine issue of material fact that Cpl. Taylor did not have any physical contact with Plaintiff and was not reckless in the performance of his duties during the arrest, and therefore, the gross negligence claim fails. Since there is no evidence that Cpl. Taylor threatened no used any force against Plaintiff, the assault and battery claims fail as well.

The intentional infliction of emotional distress claim fails, because Plaintiff's allegations do not support such a claim. Plaintiff has failed to make a

*prima facie* showing on his intentional infliction of emotional distress claim as Plaintiff has not identified any extreme and outrageous conduct.

The Michigan Supreme Court has not explicitly recognized a tort for intentional infliction of emotional distress. *Smith v. Calvary Christian Church*, 614 N.W.2d 590, 593, n.7 (Mich. 2000). However, the court has recognized that a claim could be made under the standard described in the Second Restatements: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) plaintiff suffered severe emotional distress. *Robert v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 908 (Mich. 1985). The Court notes that the threshold for what is deemed outrageous conduct is high. Conduct is sufficiently outrageous when "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement Torts, 2d., § 46, comment g). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient. *Id.* "[T]he trial judge [initially] decide[s] whether defendant's conduct might reasonably be regarded as so extreme and outrageous as to allow recovery for intentional infliction of emotional distress." *Sawabini v. Desenberg*, 372 N.W.2d 559, 565 (Mich. Ct. App. 1985). Since Plaintiff has not provided evidence to indicate that Cpl. Taylor's conduct

12

was extreme and outrageous, this Court grants summary judgment on the intentional infliction of emotional distress claim.

Reviewing the record in this case and viewing the facts in the light most favorable to the Plaintiff, Defendants are entitled to summary judgment on all the claims for the reason stated above.

## IV. ORDER

Accordingly**, IT IS ORDERED** that Defendants Motion for Summary Judgment **[Docket No. 32, filed November 13, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **DISMISSED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 21, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 21, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager